UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW BECKMAN,

    Plaintiff,

v.                                                                                                 Case No. 1:15-cv-1284-GJQ

WAL-MART STORES, INC.,                                           HON. GORDON J. QUIST

    Defendant.
_____/

## OPINION REGARDING
## DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

Plaintiff, Matthew Beckman, sued Wal-Mart Stores, Inc.[1], on December 11, 2015, under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 *et. seq*, the Michigan Persons With Disabilities Civil Rights Act (PWDCRA), MCL § 37.1101 *et. seq*, and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et. seq. Specifically, Beckman alleged four counts against Wal-Mart. First, that Wal-Mart refused to accommodate his double hernia disability, an actionable claim under the ADA. Second, that Wal-Mart discriminated against Beckman by terminating him because of his disability, an actionable claim under the ADA. Third, that Wal-Mart retaliated against him because he filed a complaint of discrimination with the EEOC and because he filed a worker's compensation claim under the ADA and PWDCRA.[2] Fourth, that Wal-Mart interfered with his rights under the FMLA by not allowing him additional leave, by not

---

[1] Defendant points out in its motion that the proper party is Wal-Mart Stores East, L.P., rather than Wal-Mart Stores, Inc. (ECF No. 40 at PageID.109.)
[2] Because the PWDCRA "substantially mirrors the ADA" the Court will analyze both claims under the ADA claim. *See Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012) (citations omitted).

granting an accommodation, and by forcing him to take time off from work and use FMLA time, an actionable claim under the FMLA.[3]

Wal-Mart has moved for summary judgment on all claims, and the motion is fully briefed. Beckman requests summary judgment in his favor but has not filed a separate motion.

The central issues are as follows. First, whether Beckman can show a genuine issue of material fact as to whether he was denied any benefit to which he was entitled under FMLA, or that he was an eligible employee when Wal-Mart terminated his employment. Second, whether there is a genuine issue of material fact that Wal-Mart failed to provide Beckman a reasonable accommodation for his disability. Third, whether there is a genuine issue of material fact that Wal-Mart terminated Beckman's employment because of his disability.[4]

For the following reasons, the Court will grant Wal-Mart's motion for summary judgment as to all claims.

## I. BACKGROUND

Wal-Mart employed Beckman as a shipping loader at its distribution center in Coldwater, Michigan, for about four and a half years. It is uncontested that moving, lifting, carrying, and placing things weighing greater than 60 pounds was an "essential function" of Beckman's position as a shipping loader.

In late August, 2013, Beckman informed Wal-Mart that he had a hernia and that he may have work restrictions. Over the course of the following year, Beckman utilized FMLA leave to

---

[3] "The Court has determined that oral argument would not be helpful in deciding the motions." *Ranshaw v. City of Lansing*, 2009 WL 4352372, *1 (W.D. Mich. Nov. 30, 2009).

[4] In his response, Plaintiff abandoned his claim regarding retaliation for filing a claim for Michigan Worker's Compensation. *See, e.g.*, *Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011); *Clark v. City of Dublin*, 178 F. App'x 522, 524-25 (6th Cir. 2006). Neither party addressed Plaintiff's parallel retaliation claim from the complaint he filed with the EEOC, alleged in the same paragraph in his complaint as the worker's compensation retaliation. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Slater v. Potter*, 28 F. App'x. 512, 513 (6th Cir. 2002) (citation omitted).

2

take time off due to his hernia, including for surgery and recovery around July, 2014. He was able to provide doctor's notes and all other required information and was approved for leave frequently. Meanwhile, Beckman incurred a number of unexcused absences that he failed to address in his briefs. Under Wal-Mart's four-step "Performance Tracking" system, Beckman received "coachings" as he exceeded certain hour thresholds.[5] Ultimately, Beckman exceeded the hour threshold for the fourth, and final, step in October, 2014, and was terminated shortly thereafter. Beckman argues this absence should have been granted under FMLA; however, he had not worked the required 1,250 hours in the previous 12 months, in part due to his unexcused absences.

Beckman alleges that he requested "light duty" work, and that Wal-Mart required him to be at one hundred percent in order to return to work. Wal-Mart denies this.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Financial Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

---

[5] He received a Step 1 on May 7, 2014, due to unauthorized absences, up to 60 hours, in November, 2013, and March, 2014; a Step 2 on July 30, 2014, due to unauthorized absences in July, 2014, up to 90 hours in the aggregate; and a Step 3 on September 8, 2014 for 110 total hours of absences in September. He did not receive approved FMLA leave for these absences. (ECF No. 48-21 at PageID.557-59.)

## III. DISCUSSION

Wal-Mart argues that it is entitled to summary judgment on the following grounds. First, that it should prevail on Beckman's FMLA claim because he cannot show through admissible evidence that he was denied any benefit to which he was entitled or that he was an eligible employee when Wal-Mart terminated his employment. Second, that it should prevail on Beckman's ADA claim that Wal-Mart failed to provide a reasonable accommodation because Beckman cannot show that he was a qualified individual with a disability, either with or without accommodation, or that he requested a reasonable accommodation. Third, that it should prevail on the claim that Wal-Mart terminated his employment on the basis of his alleged disability in violation of the ADA and PWDCRA because Beckman cannot show that he is a qualified individual with a disability, that his employment was terminated because of his disability, or that Wal-Mart's legitimate reason for terminating him is a pretext for disability discrimination.

### A. The FMLA Claim

Beckman argues that Wal-Mart interfered with his rights under the FMLA by not granting him additional leave and not providing an accommodation, thereby forcing him to take time off and use his FMLA time. In order to establish an entitlement claim, Beckman must prove "(1) []he was an eligible employee, (2) the defendant was an employer as defined under the FMLA, (3) []he was entitled to leave under the FMLA, (4) []he gave the employer notice of h[is] intention to take leave, and (5) the employer denied the employee FMLA benefits to which []he was entitled." *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 507 (6th Cir. 2006).

In order to be eligible for FMLA leave, an employee must have "been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave." 29 C.F.R. § 825.110(a)(2). The hour calculation should be computed looking back

from the time of the commencement of the proposed leave. *Butler v. Owens-Brockway Plastic Prods., Inc.*, 199 F.3d 314, 316 (6th Cir. 1999).

It is uncontested that Beckman had 66 hours of possible FMLA leave available at the time of his termination. However, Sedgwick, Wal-Mart's third-party FMLA administrator, determined that Beckman was ineligible for FMLA leave in October, 2014, because he had worked only 1,127.09 hours in the previous 12 months. Beckman argues that the hour calculation should have been done from July 8, 2014, around the time of his surgery, rather than from the October date. However, Beckman's doctor's note at that time was for a specific period ending on July 10, 2014, which was followed by a release to work without restrictions. This created a definitive end to his medical situation at that time. Beckman has not produced any evidence otherwise, nor to demonstrate that the October absence should be considered as the same leave as the July absence. Therefore, Beckman was ineligible and not entitled to FMLA leave for his October absences.

The FMLA does not require employers to offer accommodations of light duty work as an alternative to FMLA leave—FMLA offers the rights to take leave, to be restored to a position, and so forth—it does not necessarily create rights at the workplace. 29 U.S.C. §§ 2611 et seq. Its rights are different from other statutes, such as the ADA. *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 249 (6th Cir. 2004) ("Although the FMLA and ADA both regulate the employer-emploee relationship, they protect an employee in different ways."); *Kleinser v. Bay Park Cmty. Hosp.*, 793 F. Supp. 2d 1039, 1045 (N.D. Ohio 2011). Beckman offers no statutory support for the argument that the FMLA guarantees accommodations, and he therefore cannot claim as much.

"[A]n involuntary-leave interference claim 'ripens *only* when and if the employee seeks FMLA leave at a later date, and such leave is not available because the employee was wrongfully forced to use FMLA leave in the past.'" *Huffman v. Speedway LLC*, 621 F. App'x 792, 797 (6th

Cir. 2015) (quoting *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 449 (6th Cir. 2007)). Beckman offers no evidence or particular instances in which Wal-Mart prevented from him working and forcing him to use FMLA leave. Neither did Beckman exhaust his FMLA leave at any time prior to his termination; the denial of FMLA leave in October was based on his ineligibility due to the number of hours worked.

It is uncontested that heavy lifting was an essential function of Beckman's job, and taking time off due to health concerns preventing him from heavy lifting is one of the purposes of the FMLA. Beckman does not offer any evidence or specific instance in which he was forced to use his FMLA time. The instances in which Beckman utilized FMLA leave were, based on the record, voluntary, and not forced upon him by Wal-Mart. The allegations of involuntary leave are not ripe under *Huffman*.

Thus Wal-Mart's motion will be granted as to the FMLA claim.

### B. The ADA Failure-to Accommodate Claim

The ADA prohibits employers from discriminating "against a qualified individual on the basis of a disability." 42 U.S.C. § 12112(a). Discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(a), (b)(4)(A). Discrimination by way of a failure to provide a reasonable accommodation "necessarily involve[s] direct evidence." *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868 (6th Cir. 2007).

Beckman alleges that Wal-Mart committed a per se violation of the duty to accommodate by requiring him to be "100% in order to come back to work." (ECF No. 48 at PageID.476.) The concern with a 100% rule is if it "is applied to mildly impaired persons to exclude them from a broad class of jobs, it may be treating them as disabled even if they are not," and at the summary

6

judgment stage "the importance of the 100% rule is its role in determining the threshold issue of perceived disability." *Henderson v. Ardco, Inc.*, 247 F.3d 645, 653 (6th Cir. 2001). Although the evidence of such a policy being in force is in question, there is no dispute that Beckman was, at times, disabled and unable to perform an essential function of his job; therefore, even if there were such a policy in place, it did not have a material impact on Beckman.

Wal-Mart argues that Beckman was not a "qualified individual" under 42 U.S.C. § 12111(8), and could not perform the essential functions of his job, with or without reasonable accommodation, thereby defeating his ADA claim. Beckman argues that he sought a reasonable accommodation, and cites Wal-Mart's policy that provides accommodations for employees injured at work and for pregnant women.

Beckman "bears the initial burden of proposing an accommodation and showing that that accommodation is objectively reasonable." *Kleiber*, 485 F.3d at 870 (quoting *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 457 (6th Cir. 2004)). If Beckman requested a job transfer, Wal-Mart would have had a duty to locate a suitable position for him, but at summary judgment, Beckman "generally must identify the specific job he seeks and demonstrate that he is qualified for that position." *Id.* Further, the transfer must have been for a current vacancy because an employer need not create a new job for a disabled employee. *Id.* (citing *Burns v. Coca-Cola Enters., Inc.*, 222 F.3d 247, 257 (6th Cir. 2000)). If the employee wants to stay in the current position with a modification or adjustment, the employee must nevertheless be "qualified to perform the essential functions of that position;" it will not be reasonable if the change "requires eliminating an 'essential' function of the job." *Rorrer v. City of Stow*, 743 F.3d 1025, 1039 (6th Cir. 2014) (quoting 29 C.F.R. § 1630.2(o), and citing 42 U.S.C. § 12111(8)).

7

The issue of whether a function is essential or not "is a question of fact that is typically not suitable for resolution on a motion for summary judgment." *Id.* (quoting *Keith v. Cnty. of Oakland*, 703 F.3d 918, 926 (6th Cir. 2013)). However, in his deposition, Beckman agreed that lifting over 60 pounds was an essential function of his job. (ECF No. 48-21 at PageID.543.) Therefore, it is not a question of fact.

Wal-Mart is correct that it was not required to provide a reasonable accommodation by removing the lifting requirement from Beckman's job duties. *Rorrer*, 743 F.3d at 1039; *see, e.g.*, *Bratten v. SSI Servs., Inc.*, 185 F.3d 626, 632-33 (6th Cir. 1999) (finding employer did not violate ADA by refusing to accommodate disabled employee by having others assist him with essential duties, such as heavy lifting); *Guneratne v. St. Mary's Hosp.* 943 F. Supp. 771, 775 (S.D. Tex. 1996), *aff'd*, 119 F.3d 3 (5th Cir. 1997) (holding that suggestion that nurse could avoid heavy lifting and request assistance when needed "would eliminate or reallocate an essential function of [her] job, which the ADA does not require"). Therefore, because Beckman was not a qualified employee able to perform an essential function of the job, the only remaining issue is whether Wal-Mart failed to accommodate Beckman by refusing to extend a reassignment to a suitable position as a form of a reasonable accommodation.

Several of Wal-Mart's employees flatly deny or do not recall Plaintiff requesting "light duty" work, which is as much as Beckman alleges he did. (ECF No. 48-20 at PageID.532; ECF No. 48-21 at PageID.552; ECF No.48-23 at PageID.578.) Although this remains a question of fact, the issue is not dispositive under the facts presented. Beckman does not allege a *specific* job that he sought and was qualified for, and cannot overcome the fact that Wal-Mart was not required to remove heavy lifting from his job duties.

Beckman argues that Wal-Mart's Temporary Alternative Duty policy, which provides accommodations for employees who were injured at work or are pregnant, is, itself, discriminatory because it does not apply to employees injured outside of work. However, Beckman fails to assert how this policy materially impacted him, *i.e.* how it might have precluded *him* from applying for an accommodation. The policy was merely a formalized process for eligible employees to request an accommodation; Beckman was free to make the same request independently. The policy was not automatically triggered at an injury or at a pregnancy; rather, it required an application process, with required doctor's notes and other forms—just as any request for accommodation requires. Beckman did not produce any legal authority as to why this policy is discriminatory. Beckman failed to allege or offer evidence that he requested a specific accommodation or job transfer that he was qualified for.

Beckman must show the Court "that he requested the specific accommodation; a plaintiff may not rely on accommodations that he did not request." *Manigan v. Sw. Ohio Reg'l Transit Auth.*, 385 F. App'x 472, 478 n.5 (6th Cir. 2010) (citing *Virts v. Consol. Freightways Corp. of Del.*, 285 F.3d 508, 518 (6th Cir. 2002) ("[W]e note that the fact that Plaintiff failed to request these accommodations from Defendant is in itself fatal to Plaintiff's claim.")). Beckman has not introduced evidence that he requested anything more specific than "light work," and even that evidence is unconvincing. Wal-Mart's policy by no means prohibits individuals injured outside of work from requesting reasonable accommodations that they are entitled to under law.

Beckman also argues that Wal-Mart refused to accommodate by not granting an extended leave of absence when he retroactively requested FMLA leave for his October, 2014, absences. Beckman bore "the initial burden of proposing an accommodation." *Kleiber*, 485 F.3d at 870 (quoting *Hedrick*, 355 F.3d at 457). His request was for FMLA leave, which he was ineligible for;

9

Beckman has otherwise failed to introduce evidence that his absence request was made as a request for an accommodation or that he had a need for medical leave.

Therefore, the Court will grant Wal-Mart summary judgment on the ADA claim failure-to-accommodate claim.

### C. ADA Discriminatory Discharge

In order for Beckman to establish a prima facie case of disability discrimination, he must "establish that (1) he is a disabled person within the meaning of the ADA, (2) he is qualified, that is, with or without reasonable accommodation which he must describe, he is able to perform the essential functions of the job, and (3) the employer terminated him because of his disability." *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1047 (6th Cir. 1998).

The first element is not disputed. Beckman fails the second because he could not perform the essential functions of his job, *i.e.* heavy lifting, and because he did not meet the attendance requirements of his job. "An employee who cannot meet the attendance requirements of the job at issue cannot be considered a 'qualified' individual protected by the ADA." *Id.* (quoting *Tyndall v. Nat'l Educ. Ctrs. Inc.*, 31 F.3d 209, 213 (4th Cir. 1994)).

Beckman likewise fails the third element. He has not introduced any evidence demonstrating a causal link between his disability and his termination. He offers only broad statements of inference based largely on his own allegations. Beckman also fails to address his repeated absences and progression through Wal-Mart's Performance Tracking system, which culminated in his termination at step four—a legitimate, non-discriminatory reason for his firing. Beckman was repeatedly cleared to work by his doctor and has not introduced evidence that he was unable to work at the time of the unexcused absences. The connection between his disability and termination is beyond attenuated.

Therefore, the Court will grant Wal-Mart summary judgment on the ADA discriminatory discharge claim.

## IV. CONCLUSION

For the foregoing reasons, Wal-Mart's motion for summary judgment will be granted. A separate order will issue.

Dated: October 4, 2017                    /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE